<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-7158**

---

PAUL NAGY,

Plaintiff - Appellant,

versus

MRS. CLEMENZ; SHEILA MATTINGLY; TERRY
CAMPBELL; STEPHEN M. DEWALT, Warden,

Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CA-01-7-5-F)

---

Submitted: October 4, 2001          Decided: October 12, 2001

---

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Paul Nagy, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Paul Nagy appeals the district court's orders dismissing his Bivens[1] complaint without prejudice for failure to exhaust administrative remedies[2] and denying his motion filed under Fed. R. Civ. P. 59(e). The district court properly required exhaustion of administrative remedies under 42 U.S.C.A. § 1997e(a) (West Supp. 2001). Because Nagy did not fully exhaust his administrative remedies, we find no error in the court's dismissal of the action without prejudice. See id.; 28 C.F.R. §§ 542.10 to 542.19 (2001). Nor did the district court abuse its discretion in denying Nagy's Rule 59(e) motion. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 402 (4th Cir. 1998) (providing standard). We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Generally, dismissals without prejudice are not appealable. See Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1066 (4th Cir. 1993). However, a dismissal without prejudice could be final if no amendment to the complaint could cure the defects in the plaintiff's case See id. at 1066-67. We find that the district court's order is a final, appealable order because the defect in the complaint—failure to exhaust administrative remedies—must be cured by something more than an amendment to the complaint. See id.

2